**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 17- 20363

FAZULLAH KHAN,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR NEW TRIAL AND RELEASE FROM CUSTODY PENDING SENTENCING**

Defendant Fazullah Khan was convicted by a jury of four counts of bribery in violation of 18 U.S.C. § 666(a)(2). (ECF No.103.) The court held a bond hearing immediately after the announcement of the jury verdict and ordered that Defendant be detained pending sentencing. Defendant now files two motions—a Motion for New Trial and Motion for Release from Custody— in advance of his sentencing, which is currently scheduled for November 26, 2019. The court held argument on these motions on September 9, 2019.

**I. MOTION FOR NEW TRIAL**

Defendant moves for a new trial under Federal Rule of Criminal Procedure 33 based on three grounds: (1) the weight of the evidence is against the verdict; (2) the interests of justice require granting a new trial because Defendant was prevented from presenting a complete defense; and (3) the Government did not prove predisposition beyond a reasonable doubt. (ECF No. 108, PageID.663.) For the reasons explained below, none of these arguments are persuasive.

**A. Standard**

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. Rule Crim. Proc. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). "Generally, such motions [under Rule 33] are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (internal quotation marks and citations omitted). A court may also grant a Rule 33 motion "where substantial legal error has occurred." *Munoz*, 605 F.3d at 373.

1. <u>Weight of the Evidence</u>

Defendant was charged with four counts of bribery. To prove each of these charges, the Government had to show that Defendant: (1) corruptly offered or gave something of value to an agent of a local government; (2) did so with the intent to influence or reward that individual; (3) the item of value given to influence or reward the official was in connection with a business of the government involving something valued at $5,000 or more; and (4) the federal government gave the local government federal assistance of more than $10,000 in a one-year period before or after the date of the bribery. 18 U.S.C. § 666. Defendant challenges the strength of the evidence as to the first element—that he acted "corruptly."

On this element, the court instructed the jury that "[t]o say that a defendant acted 'corruptly' means that he acted wrongfully; this would include acting with an intent to obtain some advantage inconsistent with the official duty of the person to whom the

money or thing of value was given or offered." (ECF No. 102, PageID.613–614.) Defendant argues that there was insufficient evidence of his corrupt intent based on his testimony that he was "set up" by Mr. Magnoli, Mr. Hohensee, and Mr. O'Leary. He further argues that he was prevented from introducing audio recording to support his defense theory, in violation of his Sixth Amendment rights. (ECF No.108, PageID.666.) Defendant acknowledges, however, that Sixth Circuit precedent does not allow him to introduce his own hearsay statements under Rule 106's completeness doctrine. *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013)(quoting *United States v. Shaver*, 89 F. App'x 529, 533 (6th Cir. 2004)) ("[T]his court has acknowledged that under *Costner* '[e]xculpatory hearsay may not come in solely on the basis of completeness.'").

Additionally, Defendant argues that the Government presented insufficient evidence to prove his predisposition beyond a reasonable doubt, as required to defeat his affirmative defense of entrapment. He claims that the Government relied solely on the testimony of Stacy Cerget, a former employee of Defendant, to prove predisposition. But Defendant ignores the mountain of audio recordings presented at trial in which Defendant admits to "taking care" of various public officials. (ECF No. 118, PageID.898–890 (describing trial exhibits).) Based on these recordings, and the testimony of Cerget, a reasonable jury could find that Defendant was an "'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews v. United States*, 485 U.S. 58, 63 (1988).

### 2. Presentation of a Complete Defense

Next, Defendant argues that he was prevented from presenting a complete defense because the court excluded certain wiretap evidence that, Defendant asserts,

3

would have bolstered his entrapment defense. This argument is not persuasive for two reasons. First, as explained above, the law of the Sixth Circuit is clear that Rule 106's completeness doctrine cannot be used to introduce otherwise inadmissible exculpatory statements. *Adams*, 722 F.3d at 826–27. Second, and more damaging to Defendant's argument, *the court allowed Defendant to present his proposed audio recordings*. (ECF No. 114, PageID.711 ("I'll declare myself marginally but only barely satisfied of the non-hearsay explanation Mr. Thomas has offered here.").) Despite this ruling, Defendant chose not to present the recordings he now cites in his motion. Accordingly, the court did not limit the presentation of Defendant's evidence nor rule that any of his proposed recordings were inadmissible.

### 3. Predisposition

Finally, Defendant argues that the Government did not prove predisposition beyond a reasonable doubt. As explained above, the numerous audio recordings presented at trial—in which Defendant describes how he "takes care" of public officials—and witness testimony were more than adequate to prove Defendant's predisposition.

## II. MOTION FOR RELEASE PENDING SENTENCING

Defendant also moves for his release pending sentencing. He argues that he is not a flight risk or a danger to the community and that he should be released to help attend to the needs of his business prior to sentencing. In response, the Government argues that Defendant's high Guidelines calculation gives him a significant motive to flee. Additionally, the Government emphasizes Defendant's resources to flee, particularly the funds affiliated with Defendant's business, and Defendant's connections

to wealthy family members in India. The Government also highlights Defendant's history of foreign travel and argues that Defendant committed immigration fraud and perjured himself at trial.

The relevant statute provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.

18 U.S.C. § 3143(a)(1). The court is not persuaded that Defendant's cited justifications overcome the presumption of detention pending sentencing. Given Defendant's Guidelines estimate, financial resources, and connections to India, the court does not find by clear and convincing evidence that Defendant will not pose a flight risk if released. Accordingly, the court will order Defendant's continued detention pending sentencing.

### III. CONCLUSION

IT IS ORDERED that Defendant's Motion for a New Trial (ECF No.108) and Motion for Release Pending Sentencing (ECF No.111) are DENIED.

                                                      s/Robert H. Cleland
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: September 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 11, 2019, by electronic and/or ordinary mail.

                                                       s/Lisa Wagner
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522